UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL EDWARD RODGERS,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>WARDEN ROSS,<br><br>　　　　　　Respondent. | Case No. 1:24-cv-00270-AKB<br><br>**INITIAL REVIEW ORDER** |

Petitioner Daniel Edward Rodgers has filed a Petition for Writ of Habeas Corpus challenging his state court conviction for first-degree murder. (*See* Dkt. 4; Dkt. 3 at 2) (stating was convicted in "1988 on or about"); *State v. Rodgers*, 2018 WL 1722626, at *1 (Idaho Ct. App. Apr. 10, 2018) (per curiam) (stating that Petitioner was convicted of first-degree murder and sentenced in September 1988); *Idaho Dep't of Corr. Resident Search*, https://www.idoc.idaho.gov/content/prisons/resident-client-search/details/28075 (accessed Aug. 9, 2024) (stating that Petitioner is incarcerated on a conviction for first-degree murder). The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

### REVIEW OF PETITION

**1.　　Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to

INITIAL REVIEW ORDER - 1

summary dismissal. Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

**2.   Discussion**

Petitioner previously brought a habeas corpus action in this Court challenging the same first-degree murder conviction and sentence. *Rodgers v. Valley*, Case No. 1:22-cv-00153-AKB (D. Idaho). That petition was denied on the merits on December 15, 2023. (*See id.* at Dkt. 20, 21).

Before a prisoner can file a second or successive federal habeas corpus petition challenging the same conviction, parole revocation, or sentence as in his first habeas corpus petition, he must first obtain authorization from the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A). A federal district court may not, "in the absence of proper authorization from the [Ninth Circuit], consider a second or successive habeas application." *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (internal quotation marks omitted).

Here, absent authorization from the United States Court of Appeals for the Ninth Circuit, Petitioner cannot proceed with his current Petition for Writ of Habeas Corpus because he is challenging the same conviction that was adjudicated in the previous federal habeas corpus action. Petitioner has not shown he has obtained the required authorization from the court of appeals. Though Petitioner has filed a motion for authorization in this Court, the Court has no power to grant it.

For the foregoing reasons, the Petition in this case is subject to summary dismissal.

**ORDER**

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED. Petitioner must pay the $5.00 filing fee when he next receives income in his prison trust account.

2. Petitioner's motion for authorization to file a second or successive petition (Dkt. 3) is DENIED.

3. The Petition for Writ of Habeas Corpus (Dkt. 4) is DISMISSED without prejudice as an unauthorized successive petition.

4. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: August 29, 2024

Amanda K. Brailsford
U.S. District Court Judge